**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| HEADLINERS ENTERTAINMENT GROUP, INC., | : : : : | |
| Plaintiff, | : : | Civil Action No. 06-380 (JAG) |
| v. | : : | **ORDER** |
| RONALD RAINWATER, et al., | : : | CLOSED |
| Defendants. | : : | |

**GREENAWAY, JR., U.S.D.J.**

On April 20, 2007, Magistrate Judge Madeline Cox Arleo filed a Report and Recommendation ("R&R"), pursuant to FED. R. CIV. P. 72(b) and L. CIV. R. 72.1(a)(2), wherein she recommended that dismissal be entered against Headliners Entertainment Group, Inc. ("Plaintiff") as a sanction for failing to comply with various court orders. The time for filing objections to the R&R has expired, and no objections were submitted.

A magistrate judge's recommended disposition of a dispositive matter is subject to de novo review. In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998); Temptations, Inc. v. Wager, 26 F. Supp. 2d 740, 743 (D.N.J. 1998); see also FED. R. CIV. P. 72(b). This Court has reviewed the parties' submissions and the R&R under the appropriate de novo standard, and agrees with Magistrate Judge Arleo's analysis and conclusion.[1] Therefore,

---

[1] Specifically, by order dated December 21, 2006, Magistrate Judge Arleo granted Kimberly Hager's motion for leave to withdraw as counsel for Plaintiff, and directed Plaintiff, a

corporate entity, to have counsel enter an appearance on Plaintiff's behalf by January 15, 2007. The order stated that "[i]f counsel has not entered an appearance on behalf of Headliners by January 15, 2007, I will ask the District Court to dismiss the Complaint."  No counsel entered an appearance on behalf of Headliners by the January 15, 2007 deadline. Further, neither counsel nor a representative of Headliners appeared for the status conference scheduled for January 20, 2007.  Since the status conference was inadvertently scheduled for a Saturday, Magistrate Judge Arleo scheduled a second status conference for February 28, 2007.  Again, neither Plaintiff nor counsel appeared at the status conference.

On March 26, 2007, Magistrate Judge Arleo entered an order to show cause why sanctions, up to and including dismissal of the complaint, should not be imposed, pursuant to FED. R. CIV. P. 16(f).  Written responses were due by April 1, 2007.  Mr. Frank Orlando, chief restructuring officer for Plaintiff, wrote to Judge Madeline Cox Arleo on April 4, 2007, stating that Plaintiff had filed for Chapter 11 bankruptcy on February 1, 2007.  Although 11 U.S.C. § 362(a) stipulates that the signing of a bankruptcy petition acts as an automatic stay of judicial proceedings against the debtor, "[t]he statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) (quoting Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446 (3d Cir. 1982)). Since the debtor is the Plaintiff in this case the automatic stay does not impact this Court's decision or Magistrate Judge Arleo's conclusions.  Mr. Orlando also asked for an extension to April 19, 2007 to retain counsel. Magistrate Judge Arleo granted this request by order dated April 13, 2007.  That order further stated that "[g]iven the history of inaction here, including Headliners' failure to retain counsel or otherwise prosecute in this action since December 26, 2006, the Court will grant no further adjournments. Failure to appear on April 19, 2007 will result in dismissal of the Complaint." Neither Plaintiff nor counsel appeared on April 19, 2007 in response to the rescheduled order to show cause.

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's complaint as a sanction for failure to meet court-imposed deadlines and other procedural prerequisites.  Those factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. Magistrate Judge Arleo concluded that (1) Plaintiff was responsible for its inaction, (2) defendants were prejudiced by Plaintiff's failure to comply, (3) the record demonstrates a history of dilatoriness, (4) the fourth factor regarding attorney conduct did not apply, (5) no alternative sanction would be appropriate, and (6) she could not determine the merits of the claim based upon a review of the pleadings.

IT IS on this 8th day of August, 2007,

ORDERED that Magistrate Judge Arleo's R&R is adopted as the opinion of the Court; and

IT IS FURTHER ORDERED that the case is dismissed with prejudice; and

IT IS FURTHER ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of this Order.

S/Joseph A. Greenaway, Jr.<br>JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

This Court agrees with Magistrate Judge Arleo's analysis of the Poulis factors. The application of the Poulis factors here leads to the conclusion that the only just remedy is the dismissal of Plaintiff's case.